IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Willie Johnson, #166593, aka Willie Lewis Johnson, former #80190A,<br><br>    Plaintiff,<br><br>vs.<br><br>Warden Levern Cohen, et al.,<br><br>    Defendants. | Civil Action No. 6:09-1375-TLW-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

  The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983.

  This matter is before the court on the plaintiff's motion for a temporary restraining order (doc. 27). In his complaint, the plaintiff alleges that defendants, all employees of the South Carolina Department of Corrections ("SCDC"), violated his constitutional rights by conspiring together to fail to protect him and to knowingly place him in danger of injury from fellow inmates.

  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

  To obtain a preliminary injunction, the plaintiff must demonstrate "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Winter v. Natural Resources Defense Council. Inc.*, 129 S. Ct. 365, 374 (2008); *Real Truth About Obama, Inc. v. Federal Election Comn.*, No.

08-1977, 2009 WL 2408735, *4 (4th Cir. Aug. 5, 2009) (finding that "because of its differences with the *Winter* test, the *Blackwelder* balance-of-hardship test may no longer be applied in granting or denying preliminary injunctions in the Fourth Circuit"); *Scott v. Padula*, C.A. No. 0:08-3240-HFF-PJG, 2009 WL 2579464, *1 (D.S.C. August 18, 2009). *See Neiswender v. Bank of America*, No. 09-2595, 2009 WL 1834406, * 1 (N.D. Cal. June 23, 2009) ("A request for a temporary restraining order is governed by the same general standards that govern the issuance of a preliminary injunction.") (citations omitted).

The plaintiff's motion was filed prior to the defendants being served with the complaint. The plaintiff states vaguely in his motion that he "feel[s] threatened by this Administration and know that they're going to retaliate towards me" (pl. m. for TRO at 1). The plaintiff has failed to make the required showing for issuance of a temporary restraining order.

Based upon the foregoing, it is recommended that the plaintiff's motion (doc. 27) be denied.

            s/William M. Catoe
            United States Magistrate Judge

November 12, 2009

Greenville, South Carolina